UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL GRESHAM, et al.,

        Plaintiff,                    Case No. 2:11-cv-171

v.                                           Honorable R. Allan Edgar

M. NEUBECKER, et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiffs Michael Gresham and Jack D. Tillman, a prisoner incarcerated at Baraga Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff Gresham seeks leave to proceed *in forma pauperis*.  Because Plaintiff Gresham has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff Gresham to pay one-half of the $350.00 civil action filing fee, which is $175.00, within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff Gresham fails to do so, the Court will order that his action be dismissed without prejudice.  Even if the case is dismissed, Plaintiff Gresham will be responsible for payment of his share of the filing fee ($175.00) in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff Gresham has been an extremely active litigant in the federal courts in Michigan. The court has dismissed more than three of Plaintiff Gresham's actions for failure to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). In addition, the Court previously has denied Plaintiff Gresham leave to proceed *in forma pauperis*, *see Gresham v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. June 9, 2011); *Dennis v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Moreover, Plaintiff Gresham's allegations do not fall within the exception to the three-strikes rule because he does not allege facts establishing that he is in imminent danger of serious physical injury. In Plaintiff Gresham's affidavit supporting his motion to proceed *in forma pauperis* (docket #3), he claims that on June 9, 2010, Defendant Hietikko put a razor blade in his food, which caused Plaintiff to be injured. Plaintiff also claims that he is living in a cell with spiders,

- 3 -

which have bitten him and caused swelling on his face and limbs. Plaintiff states that he was not given medical treatment for the bites. Plaintiff alleges that on May 1, 2011, Defendant Hietikko came to his cell and threatened to have Defendant Gajewski kill him and steal his mail. Finally, Plaintiff makes a conclusory assertion that his food trays are being spit on, and that he is being denied medical callouts and treatment. Plaintiff Gresham subsequently filed federal civil rights actions about those claims, which remain pending. He argues that Defendants are involved in a conspiracy to retaliate against him for filing those actions.

However, in the actual complaint, Plaintiff Gresham presently appears to be complaining that his co-Plaintiff, prisoner Jack D. Tillman was mistreated by Defendants and subjected to retaliation. The court notes that none of the allegations set forth in the underlying complaint indicate that Plaintiff is in imminent danger of serious bodily harm.

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

In a recent decision, the Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). Thus a prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.*

Plaintiff Gresham's allegations as set forth in his affidavit concern past incidents of physical harm and threats, together with non-physical violations of his civil rights. In addition, none of the allegations in the complaint show that Plaintiff Gresham's was in imminent danger at the time he filed the instant action. In light of the foregoing, § 1915(g) prohibits Plaintiff Gresham from proceeding *in forma pauperis* in this action. Plaintiff Gresham has twenty-eight (28) days from the date of entry of this order to pay his share of the civil action filing fee, which is $175.00. When Plaintiff Gresham pays his share of the filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff Gresham fails to pay his share of the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $175.00 filing fee.

An Order consistent with this Opinion will be entered.

Dated:   10/20/2011                              /s/ R. Allan Edgar
                                                   R. Allan Edgar
                                                   United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**